Elizabeth Fisher again for the appellant. Mr. Maumea. This is the case that directly addresses the adequacy of the advisements, basically the Rule 11c1 advisements, the core advisements of discussing the nature of the offense. This is not a case like Vaughn where it was easy to see from the record, past record, or what he'd signed in the past that he knew that he was entitled to have a counsel at sentencing or during trial. Instead, we're relying on Longoria and Pena for the proposition that even if he understands what evidence, what the factual basis for the charge might be, that really bears no relation to what facts prove what elements of the case. And I believe in responding to the government's answering brief that this is the core issue of this case and that the ineffective assistance of counsel issue revolves around whether this was an error. Counsel, so specifically in the colloquy, what is it that the court said and should not have said or should have said and did not say? Specifically, what is it that you're pointing to as a deficiency in this colloquy? Because the court specifically gave the elements, specifically gave the facts, and specifically gave what the government had to prove. So what is missing? I don't believe the court did. The prosecutor read the charge in the indictment and the, let me see, basically, okay. The court read the indictment and said, do you understand this charge? This is on excerpts of record 10, 11. It's very adequate. It's subsequent. Read the indictment, which contains the elements of the charge. And he says, yes. Then the court goes on to make the other advisements about you lose your civil rights and you lose your child. No, no. The judge asked the prosecutor, then, to state the essential elements. Yes. Then the prosecutor does state the essential elements. But we're arguing, we're arguing, first of all, that counsel responded to the court. You know, whether there was any dispute with that. There was never any description or any explanation of the legal, the legal term of aiding and abetting. For instance, nor was there in the extremely long setting forth of the factual basis for the plea, was there any relation of those facts to, to the specific elements? Well, your client got the, was asked about his intentions. That's certainly one. Are you maintaining that aiding and abetting should have been explained by the judge? Yes, Your Honor. Where do you get that notion? Not just aiding and abetting, but, I mean, that is the basic. No, but your client gave me a kind of dictionary definition of it. What are you saying the judge should have done? Well, I'm saying that this could, it could be, the facts seem to show that he was involved in distribution or possession by himself. But they didn't necessarily, they didn't necessarily show that he knew exactly what was going to happen before he went into the hotel room. Well, he said, I'm going to give it to Rick and sell him. That seemed to be a very explicit admission of aiding and abetting. He may have. He did say that. Yes, he may have agreed with the facts or even volunteered certain facts. But my argument is that an advisement of the nature of the offense doesn't come from the defendants setting forth the facts to a basis. Counsel, the district court judge in this case did a very thorough colloquy. And so you're saying, now what, you're saying Pina is the case you rely upon to say this colloquy did not meet the contours of Rule 11? Basically, Pina and Longoria discussed this, what is a sufficient explanation, not just reading. What is a sufficient explanation of the nature? What might you rely upon in Pina? Let me see here. A statement, in Pina, I believe, I'm not sure whether there was a plea agreement in this case. A statement by the defendant and his attorney that they discussed the nature of the charge as insufficient to satisfy Rule C. Right. In that case, we were talking about the fact that the judge has to explicate. And in this case, the judge did. So that language doesn't help you very much. Your Honor, I believe the judge didn't explicate. The judge read the language from the indictment. And that is different. Well, the judge also. The prosecutor. The judge asked the defendant, is there anything the prosecutor said that was not correct? Is there anything wrong there? And the defendant said no. And then the court went on to say, okay, tell me in your own words what you did. And the charge is, the court went on to say, the charge is that you and Mr. Fajita were helping each other to get this pound of meth for the purpose of selling it or sharing it with other people. So she told him exactly what the charge was and put it in language that he could understand. Your Honor, is this after the factual basis? Does it matter? It's on page 21 of the record. You know what I gather he thought, and that's what you can advise him because you're his lawyer. He went up there to get money, not to get drugs. When he got up there, he went up there with drugs. He thought, okay, I'll get these drugs. I'll give them to somebody. They'll sell them, and I'll get my money. I only want money. I don't want to deal in drugs. I just want my money, and this is what I'll do. And I think he thought, okay, that's a defense. You didn't do it. But I think as his counsel, you have to explain to him, my friend, you've got a problem. Yes, he is a very unsympathetic defendant with quite a criminal background. But that's one reason why we focused on what we felt was the major error here, was that just talking. I don't believe that after the factual basis, when you point to page 20-21, really relates the facts that he's talking about to the charge. I'd like to reserve the rest of my time, if I may. All right. Thank you, Counsel. Yes, good morning, Your Honors. Beverly Wiesamashim on behalf of the United States. It's the government's position, of course, we're in agreement with Judge Rawlinson, that the Court did a very, very complete Rule 11 colloquy. And I'd just like to add that, of course, the Rule 11 violations were never raised below. When the defendant filed a motion to withdraw his guilty plea, the only thing he raised was that his attorney coerced him into pleading guilty. So the Rule 11 violations must be reviewed by this Court under the plain error standard under the Vaughn case. And we don't believe the defense has made that showing. The record is very clear with respect to the fact that the Court did have a factual basis for the plea, that the Court advised the defendant of the specific elements of the offense. The judge read the charge, which was a very simple, straightforward charge that contained the intentional knowing requirement. The Court then asked me to explain the elements, which I did in accordance with the Ninth Circuit model jury instructions. And she asked the defendant specifically, do you understand this charge? And the portion that the judge cited, yes, he did. She explained it to him. I then went through a very lengthy explanation of what we felt the evidence would show in this case. And the defendant specifically said that there was nothing he disagreed with then. And then when the Court turned to him and asked him to explain, he said on more than one occasion that he was going to get the drugs, help Rick, and sell them. He said that on one, two, three occasions. And ironically, in the motion to withdraw a guilty plea, when he took the stand, he also repeated that basically that was what he was going to do. So there's absolutely nothing in this record that shows that the basic fairness of these proceedings, which is what they would have to show, had been violated in this case. And if the Court has any other questions on any other issues, I'd be happy to address them. There appear to be none. Thank you. Thank you. Rebuttal? Just very briefly. Counsel, do you agree with opposing counsel that this issue was not raised before the district court? Yes. So we're reviewing for plain air? Yes. And this is part of the ineffective assistance of counsel argument. If the colloquy was in error for failure to explain and for the judge to understand from her explanation and the defendant's understanding of that explanation, I mean, that's basically the core here of that issue. And whatever the factual basis, if there's nothing to relate the facts to, we argue that that's a plain air violation. Thank you. Ms. Fisher, I noticed that Michael Ostendorf submitted the brief, and you had no connection with the case when we got the brief. So how did you happen to appear now at oral argument? Well, I did a lot of the research for the briefs. Are you associated with Mr. Ostendorf or what? I'm kind of an appellate of counsel. You're two separate law firms? Yes, we're not the same firms. I mean, it's something of a surprise to have a totally different lawyer appear than the counsel I would have thought of record. All I can say, Your Honor, is that I've done it in the past many times with other attorneys as well, and never received any objection. Great. Thank you, counsel. The case just argued is submitted for decision. The next case on calendar for argument is Long v. Bronster.
judges: Silverman, W. Fletcher, Rawlinson